IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jon & Susan Freeman | Case No. |
| Plaintiffs, | |
| v. | Judge |
| Chase Home Finance LLC<br>343 Thornall Street, Suite 7<br>Edison, NJ 08837 | **CLASS ACTION COMPLAINT**<br><br>JURY DEMAND ENDORSED HEREON |
| *Serve: Statutory Agent*<br>Ct Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114 | |
| Defendants | |

# PARTIES

1. Plaintiff, Jon Freeman, is a natural person, who resides at 1000 South East Street, Bucyrus, Ohio 44820. Plaintiff, Susan Freeman, is a natural person, who resides at 1000 South East Street, Bucyrus, Ohio 44820. (Herein after referred to collectively as "Freemans" or "Plaintiffs".)

2. Defendant Chase Home Finance, LLC ("Chase") is a corporation which maintains its corporate headquarters at 3343 Thorall Street, Suite 7, Edison, NJ 08837.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the Class Action Fairness Act 28 U.S.C. §1332(d) and 1453 and 28 U.S.C. §§1331, §1337, and §1367.

4. Venue in this District is proper in that the a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, specifically in Bucyrus, Ohio, in accordance with 28 U.S.C. §1391(b)(2).

## CLASS ALLEGATIONS

Now comes Plaintiffs and for their case of action state:

1. The Note and Mortgage, **Exhibits 1 & 2**, are standardized documents executed by thousands of Ohio homeowners.

2. Plaintiffs bring this class action pursuant to Civ. R. 23, on behalf of herself and all others similarly situated, with the members of the Class being defined as follows:

### CLASS I

All persons who are or were mortgagors or real estate in the United States with loans serviced by Chase Home Finance, LLC for whom payments or portions of payments were not applied first to interest payments, second to principal payments and third to allowable escrow items before the payments were applied to any other purpose from January 1, 2006 through present.

### CLASS II

All persons who were or are mortgagors of real estate in the United States with Chase Home Finance, LLC as the loan servicer who were placed with property hazard insurance by the plaintiff from January 1, 2006 through present.

3. The members of both Classes are so numerous that joinder would be impracticable. Plaintiffs estimate that there are thousands of individuals.

4. Both Classes can be identified from Chase Home Finance, LLC records.

5. The claims of Plaintiff and the members of the Class I raise common questions of law and fact that predominate over any questions affecting only individual Class members, including:

   a. Whether Chase Home Finance, LLC a servicer of the mortgages in question;

   b. Did Chase Home Finance, LLC apply payments in the order of priority set forth in the Note and Mortgage;

   c. For what purposes did Chase Home Finance, LLC apply payments;

   d. Did Chase Home Finance, LLC apply the payments to purposes other than those permitted by the relevant Note and Mortgage;

   e. Did Chase Home Finance, LLC retain payments or amounts to which it was not entitled.

6. The claims of Plaintiffs and the members of the Class II raise common questions of law and fact that predominate over any questions affecting only individual Class members, including:

   a. How many borrowers were placed with force-placed coverage?

   b. Were the borrowers correctly placed under the terms of the mortgage loan?

   c. Did Defendant Chase take hidden kickbacks and commissions out of insurance premiums charged to the Freemans by Defendant?

   d. Did Defendant Chase charge more than it paid for the force-placed insurance coverage?

    e. At the time plaintiff accepted the assignment of the note payable by Plaintiff Freemans were the Plaintiffs in default?

    f. Did Defendant Chase attempt to collect from Plaintiff Freemans before receiving and recording the assignment?

    g. Does Defendant regularly attempt to collect monies from consumers who are delinquent?

    h. Did Defendant misrepresent the character, amount and legal obligation it was attempting to collect and thus violate the Fair Debt Collection Practices Act?

7. Given the size of individual class members' claims, most class members could not afford to seek legal redress individually for the wrongs the defendants committed against them;

    a. When defendants' liability has been adjudicated, claims of all class members can be determined by the Court;

    b. This action will cause an orderly and expeditious administration of the class claims and foster economies of time, effort and expense and ensure uniformity of decisions;

    c. Without a class action, many class members would continue to suffer damages, and defendants' violations of law will be without redress while defendants continue to reap and retain the substantial proceeds of their wrongful conduct; and

    d. This action does not present any undue difficulties that would impede its management by the Court as a class action.

8. Defendants' conduct in relation to each of the Class members was virtually identical.

9. The claims of the Plaintiffs are typical of the claims of members of both Classes.

10. The representative party will fairly and adequately represent the interests of the members of both Classes.

11. Both Plaintiffs and their counsel meet the adequacy requirement.

12. The Plaintiffs are not antagonistic to the other members of the Class and is, in fact, similarly situated with respect to Defendants. The interests of the Plaintiff in this matter are identical to those of the members of the Class.

13. The Plaintiffs' legal counsel has a time-honored reputation for competency, experience and skill in handling complex litigation, including class actions. Their counsel's ability to skillfully litigate cases such as the present case is well-documented.[1] The Plaintiff's counsel has and will continue to dedicate high levels of skill and dedication to the vigorous prosecution of this class action litigation.

14. A class action is a superior method to other methods of resolution. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

15. The expense and burden of individual litigation are impediments to individual Class members seeking redress for the wrongful conduct alleged.

16. Further, prosecution of separate actions against Defendants would create the risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct regarding Chase Home Finances application of mortgage payments.

17. The current action is maintainable under Civ. R. 23(b)(1)(a) and 23(b)(3) standards.

---

[1] With regards to Murray and Murray see, e.g., *Warner v. Waste Mgt., Inc.*(1988), 36 Ohio St.3d 91; *Cope v.Metro. Life Ins. Co.* (1998), 82 Ohio St.3d 426. *Shaver v. Standard Oil Company* (1993), 89 Ohio App.3d 52, 60-64 (Sixth Dist.); *Stammco, LLC v. United Telephone Co. of Ohio*, 2008-Ohio-3845, WL 2939455, 6 -7 (Ohio App. 6 Dist.,2008); *Wilken v. Wachovia National Bank of Deleware*, CVE-2002-4321, Huron County, Ohio; and *Miller v. Volkswagon of Am, Inc.,* No. E-07-047, 2008 WL 4278178, at *7 (Ohio Ct. App. Sixth Dist. Sept. 19, 2008.

18. This class action is maintainable under Civ. R. 23(b)(2) because Defendants used a common scheme to avoid its contractual duties to the Plaintiff Classes.

19. If each individual member of the Class was required to bring a separate action, there is a substantial risk that the numerous outcomes may establish incompatible standards.

20. This action is maintainable under Civ. R. 23(B)(3) because a question of law and fact predominates over any question affecting only individual members and that a class action is superior method to other mechanisms available.

21. The questions of law and fact arise out of the standard conduct of Defendants. Individual issues that may arise are limited to those with respect to damages.

22. A class action is the superior method to the alternatives such as: joinder; a test case; and administrative proceedings. The large number of Class members makes joinder impracticable. Litigation is too costly for individuals to each bring an individual claim due to the relatively small claim per member of the class. The test case is not a superior method because Defendants would likely settle individual claims to prevent adjudication of liability and a test case scenario would likely require follow-up litigation, which could be avoided by a class action.

23. The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude the maintenance of a class action. Furthermore, by way of class action, the Court can determine the rights of all members of the Class with judicial economy.

## COUNT I
## BREACH OF CONTRACT WITH CLASS ALLEGATIONS

24. The Freemans allege and reincorporate all well-pled material allegations set forth above as if fully rewritten herein.

6

25. Plaintiffs bring Count I on their own behalf and on behalf of both classes defined herein for breach of contract.

26. Chase Home Finance, LLC was contractually required to service Plaintiff's loan according to the terms of the Note and Mortgage.

27. Chase Home Finance, LLC breached the terms of the Note and Mortgage by charging fees not authorized pursuant to the terms of the Note and Mortgage, by failing to apply Plaintiff's payments to interest, principal, and escrow items before applying payments to late fees and other charges, by assessing unreasonable charges for forced placed hazard insurance and by applying Plaintiff's payments to purposes other than those authorized by the Note and Mortgage.

28. Chase Home Finance, LLC further breached the covenant of good faith and fair dealing implied in every contract.

## COUNT II
## UNJUST ENRICHMENT WITH CLASS ALLEGATIONS

29. The Freemans allege and reincorporate all well-pled material allegations set forth above as if fully rewritten herein.

30. Plaintiff brings Count I on her own behalf and on behalf of the class defined herein for unjust enrichment.

31. To the extent that Plaintiff has paid amount in excess of what is permitted under the terms of the Note and Mortgage and applicable state and federal law, Chase Home Finance, LLC as been unjustly enriched at the expense of Plaintiff.

32. Chase Home Finance, LLC retained the benefit of the amounts paid by the Freemans

33. As a direct and proximate result of the forgoing unjust enrichment, Plaintiff is entitled to judgment requiring Chase Home Finance, LLC to remit an amount to be proved at trial.

## COUNT III
## FRAUD with CLASS ALLEGATIONS

34. The Freemans allege and reincorporate all well-pled material allegations set forth above as if fully rewritten herein.

35. Chase represented uniformly that they were adding the cost of force-placed property coverage when, in fact, Chase was adding more than what the insurance cost.

36. Chase's statement that Chase had identified a homeowner's insurance lapse of coverage were false and Chase omitted to inform the Freemans and members of the class that Chase was actually profiteering by adding force placed coverage.

37. Chase misrepresented to the Plaintiffs and members of the class the cost of the coverage that Chase was forcing upon Plaintiffs' loan.

38. Chase's omissions and false statements were material and relied upon by the Freemans and members of the class to their detriment.

39. Chases failure to inform the Freemans and members of the class of their scheme to cheat the Freemans and members of the class caused Plaintiffs to make multiple payments in reliance on Chase's duty to properly apply funds to the Plaintiffs' and members of the class's loans.

40. The Freemans proved to the Defendant on multiple occasions that Plaintiffs complied with the mortgage insurance requirement.

41. Defendant falsely and continuously lied to Plaintiffs and Plaintiff homeowners insurance agent that no proof of coverage had been received by Defendant.

## COUNT IV
## COMMON LAW ACTION FOR AN ACCOUNTING
## INDIVIDUAL ALLEGATIONS

42. The Freemans allege and reincorporate all well-pled material allegations set forth above as if fully rewritten herein.

43. Chase Home Finance, LLC has demanded from Plaintiffs amounts in excess of those permitted under the Note, Mortgage, and federal and state law; has issued inconsistent billing statements; and has made errors in crediting the amounts paid.

44. The information and documents from which the precise amounts of these overcharges and misallocated payments can be ascertained are within the control of Chase Home Finance, LLC.

45. Plaintiffs are entitled to an accounting and a determination by the court of the amount overcharged and misallocated.

## COUNT V
## RESPA
## INDIVIDUAL ALLEGATIONS

46. The Freemans allege and reincorporate all well-pled material allegations set forth above as if fully rewritten herein.

47. The Plaintiffs, through their attorney, wrote a qualified written request to Chase Home Finance, LLC, the servicer of Freemans loan, on October 6, 2009 requesting information

on their loans. Chase responded on October 15, 2009 and December 11, 2009 and January 12, 2010. Chase is required by RESPA to respond to qualified written requests of the plaintiffs by acknowledging the request within 20 days of receipt and providing the information requested within 60 days of receipt. The correspondence is attached hereto as **Exhibit 3, 4, 5,** and **6** and by this reference is hereby incorporated.

48. Chase Home Finance, LLC responded to the Freeman's qualified written requests. The correspondence is attached hereto as **Exhibit 3, Exhibit 4, Exhibit 5** and **Exhibit 6** and by this reference is hereby incorporated.

49. Defendants Chase Home Finance, LLC violated RESPA, 12 U.S.C. §2605(e)(2)(C) by failing to provide the Plaintiff with the information and documentation requested, or an explanation why the information sought was unavailable, no later than 60 days after receipt of the Plaintiffs qualified written request.

50. Defendant Chase Home Finance, LLC has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

## COUNT VI
### BREACH OF THE OHIO CONSUMER SALES PRACTICES ACT §1345
### INDIVIDUAL ALLEGATIONS

51. The Freemans allege and reincorporate all well-pled material allegations set forth above as if fully rewritten herein.

52. During the period that Chase acted as the Freemans' mortgage servicer, R.C. §1345.02, 1345.03 and 1345.031 prohibited mortgage servicer making misleading statements and engaging in conduct that constitutes improper or dishonest dealings.

53. Defendant Chase has engaged in unfair and deceptive acts and practices in violation of R.C. § 1345.02,1345.03 and 1345.031 by misapplication of payments, failure to apply payments in accordance with the note and mortgage, retained money it was not entitled to, changed excessive amount for coverage, retained a hidden benefit from insurance changes to borrowers, and misrepresented the character, amount, and legal obligation it was attempting to collect.

54. Defendant Chase has engaged in unfair and deceptive acts and practices in violation of R.C. § 1345.02,1345.03 and 1345.031, in connection with the servicing of loans for residences within the State of Ohio by, inter ailia, misapplication of payments, failure to apply payments in accordance with the note and mortgage, retained money it was not entitled to, changed excessive amount for coverage, retained a hidden benefit from insurance changes to borrowers, and misrepresented the character, amount, and legal obligation it was attempting to collect.

55. The misrepresentations and omissions of Chase Home Finance, LLC in servicing the Freemans' loan and mortgage violated the provisions of R.C. §1345 in effect at that time.

56. Chase Home Finance, LLC violations of the Ohio Consumer Sales Practices Act were a direct and proximate cause of the Freemans' damages.

**WHEREFORE**, Plaintiffs Jon & Susan Freeman respectfully request that judgment be entered as follows:

As against Defendant:

a. For an order requiring the Defendant to make a full accounting of all funds received from the Plaintiffs

b. For an order granting class certification;

  c. For an award of compensatory, statutory and punitive damages with attorney fees and costs in excess of $75,000.00; and

  d. Such other and further relief as may be just and proper.

        Respectfully submitted,

        */s/ John T. Murray*
        John T. Murray (0008793)
        jotm@murrayandmurray.com
        Direct Dial: (419) 624-3125
        Leslie O. Murray (0081496)
        lom@murrayandmurray.com
        Direct Dial: (419) 624-3010
        **MURRAY & MURRAY CO., L.P.A.**
        111 East Shoreline Drive
        Sandusky, Ohio  44870
        Telephone: (419) 624-3000
        Facsimile: (419) 624-0707

        *Attorneys for the Plaintiffs Jon & Susan Freeman*

## JURY DEMAND

A jury trial is demanded on all issues so triable.

        */s/ John T. Murray*
        John T. Murray (0008793)
        Leslie O. Murray (0081496)
        **MURRAY & MURRAY CO., L.P.A.**

        *Attorneys for the Plaintiffs Jon & Susan Freeman*